EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>José A. Pérez Santos<br><br>Recurrido | Certiorari<br><br>2016 TSPR 62<br><br>195 DPR ____ |

Número del Caso: CC-2015-704

Fecha: 30 de marzo de 2016

Tribunal de Apelaciones:

> Región Judicial de Mayagüez y Aguadilla, Panel XI

Oficina de la Procuradora General:

> Lcda. Margarita Mercado Echegaray
> Procuradora General
>
> Lcda. Lisa M. Durán Ortiz
> Procuradora General Auxiliar

Abogada de la Parte Recurrida:

> Lcda. Eileen N. Díaz Ortiz
> Sociedad para Asistencia Legal

Materia: Derecho probatorio: Admisibilidad de expresiones realizadas por menor de 3 años que, previo su fallecimiento, estuvo sujeto a un patrón de maltrato por el acusado, conforme las Reglas 805 y 809 de Evidencia, 32 LPRA Ap. VI. Derecho constitucional a la confrontación que cobija a todo imputado en nuestro ordenamiento jurídico.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>José A. Pérez Santos<br><br>Recurrido | | CC-2015-0704 |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 30 de marzo de 2016

En esta ocasión, nos corresponde expresarnos sobre la admisibilidad de unas expresiones realizadas por una menor de tres años de edad que, previo a su fallecimiento, estuvo sujeta a un presunto patrón de maltrato por el acusado. Esto, en el contexto del derecho constitucional a la confrontación que cobija a todo imputado en nuestro ordenamiento criminal y las Reglas de Evidencia que contemplan excepciones a la regla general de exclusión de prueba de referencia.

I

El 29 de diciembre de 2014, se le imputó al Sr. José A. Pérez Santos un cargo por asesinato en primer grado, en su modalidad de asesinato estatutario. Ello, por presuntamente haberle ocasionado la muerte a una menor de edad, A.I.R.S., como consecuencia de un patrón de maltrato mientras ésta se encontraba bajo su custodia y

cuidado. Además, se le imputaron siete cargos por infracciones al Artículo 58 de la Ley Núm. 246 de 2011 (maltrato de menores en su modalidad grave); dos cargos por infracciones a los Artículos 3.2 y 3.3 de la Ley Núm. 54 de 1989, según enmendada (maltrato y maltrato mediante amenaza), y tres cargos por infracciones al Artículo 5.05 de la Ley 404 de 2000 (portación y uso de arma blanca). Se alegó, en esencia, que el señor Pérez Santos había incurrido en un patrón de maltrato contra su compañera consensual y los cuatro hijos de ésta. Como se intimó, dicho patrón de maltrato, a su vez, presuntamente resultó en la muerte de la menor de tres años de edad.

Luego de la celebración de la vista preliminar, el Tribunal de Primera Instancia encontró causa para acusar al señor Pérez Santos por los delitos imputados. Iniciado el juicio por jurado, el 27 de julio de 2015, el acusado, por conducto de su representación legal, presentó una moción *in limine*. Mediante ésta, solicitó al foro de instancia la celebración de una vista al amparo de la Regla 109 de las Reglas de Evidencia para dirimir la admisibilidad de cierta evidencia que sería utilizada en su contra por el Ministerio Público. En lo que atañe a la controversia ante nuestra consideración, se solicitó la supresión de varios testimonios. En esencia, se argumentó que éstos constituían prueba de referencia inadmisible, puesto que contenían declaraciones realizadas por la menor de edad A.I.R.S., previo a su fallecimiento.

En la vista de determinación de admisibilidad de evidencia, el Ministerio Público presentó los testimonios del agente investigador, Sr. Rafael E. Mercado Ruiz, la agente Sra. Marlyn Álvarez Rodríguez y la madre de la menor A.I.R.S., Sra. Tania Marie Rivera. Del testimonio del agente Mercado Ruiz, surgió que la tía de la menor, Sra. Elizabeth Rivera Santos, quien a su vez sería testigo en el juicio,[1] le relató que presenció cómo su hijo abrazó a la menor y ésta comenzó a llorar. Ante ese hecho, la señora Rivera Santos examinó a la menor y, al encontrarle un golpe en la espalda baja, la menor le dijo a su tía que le dolía. Específicamente, el agente Mercado Ruiz indicó lo siguiente:

> Elizabeth me dice que [A.I.R.S.] le dice que que pues que le dolía **porque Babo le había dado.** Entonces, pues se lleva a la niña, lo que Elizabeth me dice que se lleva a la niña hacia el cuarto y que pues, le quita toda la ropa a la niña y en la parte baja de la espalda nota que la nena tiene unos hematomas . . . y que tiene como una inflamación en esa área.[2]

*Grabación de vista del 28 de julio de 2015*, 2:21 a 2:23.

En otra ocasión, y conforme al testimonio del agente Mercado Ruiz, la tía de la menor le preguntó a ésta sobre un golpe que tenía en el área de la ceja, a lo que la

---

[1] Es importante aclarar que, en una vista para determinaciones preliminares de admisibilidad, el uso de prueba de referencia múltiple está permitido. A esos efectos, la Regla 109 de Evidencia establece que, al hacer determinaciones preliminares de admisibilidad, "el Tribunal no queda obligado por las Reglas de Derecho Probatorio, excepto por aquellas relativas a privilegios". 32 L.P.R.A. Ap. VI, R. 109.

[2] "Babo" es el apodo del señor Pérez Santos.

menor respondió identificando a Babo como su agresor: "Babo dar a mi".[3] *Grabación del 28 de julio de 2015*, 3:44 a 3:45.[4]

En la vista, la defensa argumentó que las expresiones realizadas por la menor constituían prueba de referencia inadmisible. Planteó que la menor no estaba disponible para declarar y que no se activaban las excepciones contempladas por las Reglas de Evidencia. De otra parte, el Ministerio Público sostuvo que, dado que la menor declarante no estaba disponible precisamente porque el acusado la había asesinado, las declaraciones que ésta realizó en vida sí eran admisibles en evidencia. Arguyó que las manifestaciones en cuestión cumplían con las excepciones relacionadas con la espontaneidad por excitación y contemporaneidad de la declaración,

---

[3] Nótese, además, que del testimonio del agente se desprende que una de las hermanas de la occisa indicó a su tía que no podía decir que había sido "Babo" porque éste le pegaría a su madre: "Elizabeth también me informa en la misma entrevista que la hija mayor . . . le manifiesta a ella que pues que había sido Babo quien le había dado a la niña, pero que no, que ella no dijera nada porque si decía algo este Babo le iba a dar a la mamá". *Grabación del 28 de julio de 2015*, 2:24:29 a 2:25.

[4] Conviene aclarar que la Defensa, en su escrito titulado *Escrito en cumplimiento de orden y en oposición a la expedición del auto de certiorari*, alega que las expresiones a las que alude el Ministerio Público no están comprendidas en la regrabación de los procedimientos. No obstante, de un estudio de todos los documentos que obran en el récord, se desprende que las declaraciones de la madre de la menor y de su tía fueron ampliadas mediante declaraciones juradas que acompañaron la moción de reconsideración presentada ante el foro primario. Asimismo, es evidente que las expresiones del agente investigador contenidas en la regrabación identifican al señor Pérez Santos como el agresor de la menor.

dispuestas en los incisos (A) y (B) de la Regla 805 de Evidencia, 32 L.P.R.A. Ap. VI, R. 805 (A) y (B). También sostuvo que las expresiones contenían garantías suficientes de confiabilidad, por lo que eran admisibles bajo la Regla 809 de Evidencia, 32 L.P.R.A. Ap. VI, R.809. Concluida la vista, el Tribunal de Primera Instancia informó a las partes que cualquier manifestación realizada por la menor A.I.R.S. en vida sería inadmisible por constituir prueba de referencia.[5]

Inconforme, el Ministerio Público presentó una moción de reconsideración, la cual fue declarada no ha lugar. Posteriormente, acudió mediante un recurso de *certiorari* al Tribunal de Apelaciones. En éste, señaló que el foro primario había errado al suprimir las declaraciones de la menor identificando al señor Pérez Santos como su agresor. Aseveró que, conforme a lo resuelto por el Tribunal Supremo de Estados Unidos en

---

[5] Específicamente, el foro primario determinó lo siguiente:

Con relación a cualquier manifestación, que es otra de las controversias, que haya realizado la menor antes de fallecer respecto a golpes u otra circunstancia, lo planteado por la defensa es que es un testigo no disponible y que conforme a la Regla 806 de las de Evidencia no procede que se escuche esa declaración.

La Regla 806 de las de Evidencia claramente define la situación de dicha menor como la de un testigo no disponible. Habría que pasar al inciso B . . . Tanto el Inciso 1, que es testimonio anterior, como la declaración en peligro de muerte, como las declaraciones en contra-interés, ninguna es de aplicación en este caso, por lo que cualquier manifestación realizada por esa menor no es admisible y el Tribunal no la permitirá.

*Ohio v. Clark*, 135 S. Ct. 2173 (2015),[6] las declaraciones de la menor no constituían declaraciones testimoniales que violentaban el derecho a la confrontación de testigos. Arguyó que las declaraciones fueron realizadas de manera espontánea e informal y sin el propósito de crear evidencia para un proceso criminal en contra del señor Pérez Santos.

El Tribunal de Apelaciones denegó el auto solicitado, determinando que el Ministerio Público no logró rebatir la presunción de corrección de la determinación del foro primario. Al atender los méritos sustantivos de la controversia, el Tribunal de Apelaciones expuso que no se presentaban las excepciones dispuestas en la Regla 806 y que "el caso de Ohio v. Clark, *supra*, no [era] aplicable al caso de autos, pues la diferencia estriba en que en el referido caso la víctima no había fallecido". *Sentencia del Tribunal de Apelaciones*, KLCE201501153 en la pág. 2.

De esta determinación del foro apelativo intermedio, el Ministerio Público recurrió ante este Tribunal mediante un *certiorari* acompañado de una solicitud para la paralización de los procedimientos y resolución expedita. El 19 de agosto de 2015, este Tribunal emitió una resolución mediante la cual ordenó la paralización inmediata de los procedimientos ante el Tribunal de

---

[6] Este caso fue resuelto por el Tribunal Supremo de Estados Unidos con anterioridad a que el Tribunal de Primera Instancia excluyera las declaraciones de la menor.

Primera Instancia y concedió al señor Pérez Santos un término de veinte (20) días para que mostrara causa por la cual no se debía expedir el *certiorari* presentado y revocar la determinación del Tribunal de Primera Instancia. El 9 de septiembre de 2015, la Defensa presentó su escrito en cumplimiento de orden y en oposición a la expedición del *certiorari*.

**II**

**A**

La Constitución del Estado Libre Asociado de Puerto Rico, en su Artículo II, Sección 11, garantiza a todo acusado de un delito el derecho a carearse con los testigos de cargo. Véase Const. P.R. Art. II, Sec. 11.[7] Asimismo, la Constitución de Estados Unidos consagra este derecho, al establecer, en la Sexta Enmienda que "[i]n all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him." Const. E.E.U.U. Enmda. 6.

El derecho a la confrontación, tiene, a su vez, tres vertientes procesales; a saber: el derecho del acusado de confrontar cara a cara los testigos adversos, el derecho a contrainterrogar a éstos y, por último, el derecho a que se excluya prueba de referencia que se intente

_____

[7] Estatutariamente, el derecho a la confrontación está preceptuado en la Regla 604 de Evidencia, la cual establece que "[u]na persona testigo podrá testificar únicamente en presencia de todas las partes en la acción y estará sujeta a ser interrogada por todas ellas, si éstas optan por asistir a la vista e interrogarla". 32 L.P.R.A. Ap.VI, R. 604.

presentar por el Ministerio Público en su contra. Véase I Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos* 569 (1992).

En cuanto a esta última vertiente, "el fundamento principal para la exclusión de prueba de referencia es la falta de oportunidad para contrainterrogar". *Id.* No obstante, la relación entre el derecho a la confrontación y la norma general de exclusión de prueba de referencia "no puede ser una de correspondencia o congruencia total". *Id.* en la pág. 595. Es decir, en algunas instancias, el derecho del acusado a carearse y contrainterrogar los testigos de cargo habrá de ceder ante la admisibilidad de cierta prueba de referencia sin que ello implique una violación constitucional. Precisamente en atención a ello, las Reglas de Evidencia de Puerto Rico contemplan múltiples excepciones a la prohibición general de prueba de referencia.

Es preciso destacar, sin embargo, que cuando se trata de prueba de referencia presentada en contra de un acusado, lo primordial es determinar si la declaración es una de carácter testimonial. De ser así, la declaración será inadmisible, a no ser que el declarante testifique en el juicio o, en caso de no estar disponible para testificar, que la declaración que se intenta presentar en evidencia haya estado sujeta a contrainterrogatorio por parte del acusado. De otra parte, si la declaración no es de carácter testimonial, su admisibilidad dependerá

de que ésta satisfaga los requisitos establecidos en las Reglas de Evidencia. *Véase Pueblo v. Santos Santos*, 185 D.P.R. 709 (2012); *Crawford v. Washington*, 541 U.S. 36 (2004).

En el polémico caso de *Crawford v. Washington*, el Tribunal Supremo de Estados Unidos procuró establecer los criterios a utilizarse para distinguir las declaraciones que activaban el derecho a la confrontación de aquéllas que no. Al así proceder, formuló una definición de la palabra testigo: "those who bear testimony" y explicó en qué instancias se entendía que la declaración constituía un testimonio. A esos efectos indicó que:

> "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not.

*Crawford v. Washington*, 541 U.S. 36, 51-52 (2004)(citas omitidas).

Consiguientemente, la corte en *Crawford* pretendió limitar el alcance del derecho a la confrontación de la Sexta Enmienda a declaraciones testimoniales, estableciendo que, bajo la referida cláusula constitucional, éstas sólo serían admisibles si el declarante no estaba disponible y el acusado había tenido oportunidad previa para contrainterrogarlo. *Id.* Véase, además *Pueblo v. Guerrido López*, 179 D.P.R. 950, 968 (2010).

Posteriormente, en *Michigan v. Bryant*, 562 U.S. 344 (2011), el Tribunal Supremo de Estados Unidos realizó un esfuerzo por concretar una definición de lo que constituye una declaración testimonial.[8] A esos efectos, dispuso que para determinar si una declaración era testimonial y, por tanto, inadmisible, procedía determinar si su propósito primario era crear un sustituto extrajudicial para el testimonio que se ofrecería en corte. *Bryant,* 562 U.S. en la pág. 358. Por otro lado, el Tribunal Supremo determinó que "[w]here no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause." *Id.* en la pág. 359.

Recientemente, en *Ohio v. Clark*, 135 S.Ct. 2173 (2015), el Tribunal Supremo de Estados Unidos tuvo la oportunidad de revaluar las controversias que ha generado la adopción del estándar de propósito primario o principal pautado en *Bryant*. En ese caso, la declaración en controversia había sido emitida por un niño de tres años de edad, víctima de maltrato. Éste, al ser cuestionado por sus maestras con relación a unas marcas

---

[8] Esto, puesto que en *Crawford v. Washington* solo se formularon ejemplos de instancias en las que una declaración podía ser considerada de carácter testimonial pero "se dejó para otro día cualquier esfuerzo por delimitar una definición comprensiva" de la palabra. *Crawford*, 541 U.S. en la pág. 68 (traducción nuestra).

que exhibía en la cara, identificó al compañero consensual de su madre como su agresor, Darius Clark.[9]

   Durante el juicio, la defensa solicitó la exclusión de las expresiones realizadas por el menor, bajo el fundamento de que éstas violentaban el derecho a la confrontación del acusado. La corte inferior determinó, empero, que las respuestas del menor a las preguntas de sus maestras no constituían declaraciones testimoniales. La corte apelativa estatal, sin embargo, revocó el dictamen, determinando que la admisión de las expresiones del menor sí violentaban el derecho a la confrontación del acusado. La Corte Suprema del estado de Ohio confirmó este dictamen, razonando que las declaraciones eran de carácter testimonial, por lo que eran inadmisibles.[10]

   El Tribunal Supremo de Estados Unidos revocó los dictámenes recurridos. Al así proceder, determinó que las declaraciones del menor no eran de carácter testimonial, puesto que no habían sido hechas con el propósito primario o principal de crear evidencia que se utilizaría en un juicio criminal en contra del acusado. Véase *Ohio*

---

[9] Específicamente, la respuesta del menor cuando su maestra le preguntó quién le había causado los golpes que éste exhibía en la cara fue "Dee, Dee", que era el apodo del compañero de su progenitora.

[10] Para llegar a esta conclusión, la Corte Suprema de Ohio se refirió a las leyes estatales de divulgación obligatoria, las cuales requieren que los maestros prescolares reporten sospechas de abuso infantil a las autoridades gubernamentales. De esta manera, determinó que las declaraciones eran testimoniales, puesto que fueron hechas con el propósito principal de "recopilar evidencia potencialmente relevante para un procesamiento criminal subsiguiente". *State v. Clark*, 999 N.E. 2d 592, 597 (Ohio, 2013).

*v. Clark*, 135 S.Ct. 2173, 2181 (2015)("[C]onsidering all relevant evidence here, L.P.'s statements clearly were not made with the primary purpose of creating evidence for Clark's prosecution."). De esta manera, el Tribunal Supremo razonó que la conversación entre el menor de edad y sus maestras fue informal y espontánea, y que el propósito principal de las preguntas fue identificar al perpetrador de las heridas del menor.

En *Ohio v. Clark*, además, el Tribunal Supremo de Estados Unidos, se abstuvo de adoptar un esquema categórico para determinar qué declaraciones hechas a individuos pueden suscitar controversias relacionadas con la Sexta Enmienda. No obstante, en lo que respecta a declaraciones realizadas por menores de edad, decisivamente estableció que **"[s]tatements by very young children will rarely, if ever, implicate the Confrontation Clause."** *Id.* en la pág. 2182 (énfasis suplido). Para sustentar esta determinación, el Tribunal Supremo explicó cómo, en circunstancias en las que un menor está sujeto a un patrón de maltrato, sus declaraciones estarán dirigidas a poner fin a ese patrón, proteger otras víctimas y, en algunas instancias, ni siquiera tendrán un propósito discernible.

Amparándose también en la tradición del Derecho Común, el Tribunal Supremo sostuvo, sin ambages, que al contextualizar la declaración del menor, la Sexta Enmienda no era óbice para su admisión. Al así proceder,

enfatizó en las garantías de confiabilidad que subyacen las declaraciones hechas por menores de edad cuando éstos relatan un evento traumático e identifican al ofensor. Véase *id*. en la pág. 2182.

**B**

Ciertamente, las similitudes fácticas entre *Ohio v. Clark* y el caso que nos ocupa son innegables. En ambos casos, las declaraciones objeto de controversia fueron realizadas por niños de tres años de edad y, en uno y otro, tuvieron el propósito de identificar a su respectivo agresor mediante el uso de un apodo. También en ambos casos, las declaraciones fueron hechas a individuos que no eran agentes del Estado con la facultad de encausar criminalmente al sospechoso. La única diferencia entre ambos casos estriba en que, en *Clark*, la razón detrás de la no disponibilidad del menor como testigo consistió en una regla evidenciaria estatal, mientras que, en el caso ante nuestra consideración, la no disponibilidad de la menor es por razón de su muerte.

Tal y como relatáramos, las expresiones realizadas por la menor A.I.R.S. a su madre y a su tía previo a su fallecimiento identificaron al señor Pérez Santos como el perpetrador del abuso que, en última instancia, alegadamente ocasionó su muerte. En vista de lo anterior, resulta forzoso concluir que la admisión de estas expresiones, en virtud de lo resuelto en *Ohio v. Clark*, no violenta el derecho del acusado de confrontar

los testigos en su contra al amparo de la Sexta Enmienda. Al tratarse de expresiones realizadas por una menor de edad a una persona que no era un agente del orden público y cuyo propósito principal no era producir evidencia para ser utilizada en un proceso criminal contra el acusado, no se configura una declaración de carácter testimonial inadmisible al palio de nuestra disposición constitucional y su contraparte federal. Como adelantamos, la Procuradora General sostiene que las declaraciones de la menor son admisibles al amparo de los incisos (A) y (B) de la Regla 805 de Evidencia, así como bajo la cláusula residual de la Regla 809. Veamos.

## III

En vista de que no estamos ante una declaración testimonial, dentro de los parámetros establecidos en *Crawford* y su progenie, resulta preciso determinar si las expresiones de la menor satisfacen alguna excepción que permita su admisibilidad conforme a lo dispuesto en nuestras Reglas de Evidencia. Ello, puesto que, cuando una declaración no violenta el derecho a la confrontación, el análisis respecto a su admisibilidad se regirá por lo establecido en las reglas de evidencia federales o estatales. Véase *Bryant*, 562 U.S. en la pág. 359.

## A

En nuestro ordenamiento, existen varias excepciones a la regla general de exclusión de prueba de referencia.

Como cuestión de umbral, es importante señalar que, "[e]l fundamento de la regla de exclusión está ligado al fin principal del derecho probatorio: la búsqueda de la verdad". Ernesto L. Chiesa Aponte, *Reglas de Evidencia de Puerto Rico 2009: Análisis* 250 (2009). Es decir, la exclusión intenta disipar los peligros que constituye admitir en evidencia una declaración que carece de garantías circunstanciales de confiabilidad. Esto justifica que, las excepciones a la regla general de exclusión de prueba de referencia responden, precisamente, a las garantías de confiabilidad inherentes a ciertas declaraciones extrajudiciales.

La Regla 805 de Evidencia, sin condicionar la admisibilidad de una declaración a la disponibilidad del testigo, delimita las circunstancias bajo las cuales tal declaración no estará sujeta a la regla general de exclusión. A esos efectos su inciso (A), exceptúa cualquier declaración contemporánea a la percepción. Esto es, que narre, describa o explique "un acto, condición o evento percibido por la persona declarante y que haya sido hecha mientras la persona declarante percibía dicho acto, condición o evento, o hecha inmediatamente después". 32 L.P.R.A. Ap. VI, R. 805 (A). Al interpretar este inciso de la Regla, se ha apuntado a que la confiabilidad de este tipo de declaración se fundamenta en el factor tiempo. Esto es, "la declaración debe

haberse hecho mientras el declarante percibía el evento o inmediatamente después". Chiesa Aponte, en la pág. 254.

De otra parte, el inciso (B) de la Regla 805 contempla como excepción una "declaración espontánea por excitación", la que se define como aquella "declaración hecha mientras la persona declarante estaba bajo el estrés de la excitación causada por la percepción de un acto, evento o condición si la declaración se refiere a dicho acto, evento o condición". 32 L.P.R.A. Ap. VI, R. 805 (B). La garantía de confiabilidad que sustenta esta excepción estriba en que "mientras dure la excitación o conmoción que causa el evento, las declaraciones del declarante son espontáneas o irreflexivas, no fabricadas". Chiesa Aponte, en la pág. 254. Así, esta excepción se fundamenta en "la supuesta confiabilidad de una declaración hecha por una persona bajo la influencia o efecto conmocionante de un evento, lo que hace poco probable la fabricación producto de la reflexión". Tribunal Supremo de Puerto Rico, *Informe de las Reglas de Evidencia* 513 (2007).

En cuanto a esta excepción, hemos establecido tres criterios que deben satisfacerse para que la declaración sea admisible; a saber: (1) la ocurrencia de un evento suficientemente alarmante que produzca una manifestación espontánea e irreflexiva; (2) la falta de tiempo para que el declarante invente la manifestación, y (3) la manifestación ha de referirse al evento que la produce.

Véase *Pueblo v. Cortés del Castillo*, 86 D.P.R. 220, 229 (1962). En cuanto al elemento de espontaneidad, hemos establecido que "el mero hecho de que la manifestación se hubiera hecho en respuesta a una pregunta no es suficiente para inferir que no se ha cumplido con el requisito de que la declaración sea espontánea". *Pueblo v. García Reyes*, 113 D.P.R. 843, 850 (1983).

En el contexto de declaraciones realizadas por menores de edad, igualmente hemos dictaminado que "el hecho de que el menor hiciera las manifestaciones al policía después de éste preguntarle lo que le había sucedido no le resta espontaneidad a dichas manifestaciones en vista de que el menor se encontraba todavía bajo la influencia del evento alarmante". *Pueblo v. Dueño Maysonet*, 94 D.P.R. 706, 713 (1967). Véase, además *Pueblo v. González*, 66 D.P.R. 202, 205 (1946) ("El hecho de que la madre tuviera que preguntarle al niño qué le pasaba para que le relatara el acto criminal que se había cometido con él, no le resta espontaneidad a sus manifestaciones si tomamos en consideración su edad y el temor que el acusado había infundido en él".).[11]

---

[11] Más recientemente, en *Pueblo v. Sierra Figueroa*, 157 D.P.R. 656 (2002) este Tribunal, al encontrarse igualmente dividido, confirmó un dictamen del Tribunal de Apelaciones admitiendo en evidencia unas declaraciones realizadas por una menor de edad víctima de abuso sexual. En ese caso, las declaraciones se ofrecieron en evidencia en el contexto de la vista preliminar.

Aunque se puede deducir una superposición entre las excepciones contempladas en el inciso (A) y el inciso (B) de la Regla 805, la diferencia más importante entre éstas estriba, justamente, en el lapso de tiempo permisible entre el evento y la declaración. Esto es, mientras el inciso (A) se enfoca en la relación de contemporaneidad entre la declaración y el evento que ésta narra, describe o explica, el inciso (B) atiende lo relativo a la espontaneidad de la declaración ante la conmoción que provocó el evento. Por esta razón, el inciso (B) exige que la declaración sea hecha mientras el declarante esté bajo el "estrés de la excitación". En *Pueblo v. Torres Villafañe*, 143 D.P.R. 474, 502 (1997), al analizar la relación entre ambos incisos, expresamos que "[e]n cuanto al requisito de contemporaneidad entre el evento y la declaración, en el inciso (B) de la Regla 65, *supra*, a diferencia de los otros incisos que constituyen ésta, la declaración no tiene que ser producto inmediato de ese acto, suceso o evento impactante o alarmante. Lo importante es que la persona, al momento de declarar, esté bajo la influencia de la excitación que le produjo dicho acto, suceso o evento". *Id.*

En lo que atañe al factor tiempo, conviene destacar que, en el pasado, este Tribunal ha determinado, al interpretar esta excepción, que "no puede haber ningún límite de tiempo definido y fijo. Cada caso debe depender de sus propias circunstancias". *Pueblo v. González*, 66

D.P.R. 202, 205 (1946)(citando a *Wigmore on Evidence*, Vol. VI, pág. 142, sec. 1750). Por ello, en un caso posterior, en el cual las declaraciones en cuestión identificaban al agresor sexual de una joven, se señaló que el hecho de que la víctima relatara a su madre lo ocurrido nueve (9) meses después del evento traumático no era óbice para la admisión de las declaraciones de ésta. Véase *Pueblo v. Muñoz*, 68 D.P.R. 171 (1948). Al fundamentar este dictamen, se explicó que "[e]l factor tiempo no desempeña papel decisivo. Lo que sí es importante es que las manifestaciones sean espontáneas". *Id.* en la pág. 175.

Por último, consciente de la imposibilidad de codificar todo tipo de declaración que pudiera ser exceptuada de la regla general de exclusión, la Regla 809 de Evidencia contempla aquellas declaraciones que no estén expresamente comprendidas en las reglas, pero que contengan garantías circunstanciales de confiabilidad comparables. 32 L.P.R.A. Ap. VI, R. 809. Ello, si el Tribunal determina que tales declaraciones: (1) tienen mayor valor probatorio, para el propósito para el cual se ofrecen, que cualquier otra prueba que se hubiese podido conseguir desplegando diligencia razonable, y (2) la persona proponente notificó con razonable anterioridad a la parte contra quien se ofrece su intención de presentar tal declaración. *Id.*

Como anticipamos, el denominador común de las tres excepciones a la regla general de exclusión de prueba de referencia antes discutidas consiste en el fundamento que las justifica: las garantías circunstanciales de confiabilidad. En el caso de las declaraciones contemporáneas por excitación, la confiabilidad deriva de la simultaneidad entre la ocurrencia del evento y la declaración. De otra parte, en las declaraciones espontáneas por excitación, el evento conmocionante produce una declaración cuya espontaneidad disipa los riesgos de fabricación por parte del declarante.

## IV

En aras de dirimir la controversia relacionada con la admisibilidad de las declaraciones de la menor A.I.R.S, resulta preciso matizar las mismas a las circunstancias particulares del evento que las produjo. Según se desprende de los hechos, tanto la menor como su madre y hermanos estuvieron sujetos a un patrón de maltrato, presuntamente por parte del señor Pérez Santos. Al ser cuestionada por su madre y su tía en torno a los golpes que exhibía en su rostro y espalda baja, la menor identificó claramente a su agresor, indicando que el señor Pérez Santos le había dado ("Babo dar a mi").

A pesar de que no se desprende del expediente con exactitud el tiempo transcurrido entre la declaración de la menor identificando a su agresor y el incidente en el cual fue maltratada, se puede colegir que los golpes que

ésta exhibía en su espalda baja y en su rostro eran claramente perceptibles y le causaban dolor. Más aun, no cabe duda de que la menor se encontraba, al momento de declarar, y durante el lapso de tiempo que comprendió el patrón de maltrato al que estuvo sometida, "bajo el estrés de la excitación" causada por éste. A esos efectos, conviene recordar que el estado mental de una víctima no puede estar sujeto a estándares rígidos y estereotipados. Esto es, las reacciones tienden a ser disímiles y están inherentemente circunscritas a las circunstancias particulares de cada menor.[12]

A esos efectos, resulta preciso atender las complejidades que subyacen la evaluación de cualquier manifestación vertida por un menor de edad relatando un evento traumático, así como las garantías circunstanciales de confiabilidad que comporta tal declaración. Sin lugar a dudas, tanto la minoría de edad del declarante como la naturaleza del evento son altamente pertinentes al momento de dirimir la admisibilidad de tal declaración como excepción a la regla general de exclusión de prueba de referencia. En

---

[12] En el ámbito del abuso sexual contra menores, hemos reconocido que es imperativo evaluar "el carácter del acto en sí y cómo lo percibe el menor . . . . Los sentimientos de que debió defenderse o que hubo una razón para ser seleccionado como víctima, aunque irracionales, pueden ser lo suficientemente fuertes como para prevenir que notifique la violación. En su lugar, puede continuar sufriendo en silencio la vergüenza. . . .". *Pueblo v. Rivera Robles*, 121 D.P.R. 858, 862-63 (1988).

este caso, tal y como en *Ohio v. Clark*, las declaraciones de la menor A.I.R.S., realizadas de manera informal y espontánea, contienen suficientes garantías circunstanciales de confiabilidad. Pretender silenciar estas expresiones mediante su exclusión, no sólo constituiría un fracaso irremediable de la justicia, sino que, además, soslayaría la angustia y el suplicio al que estuvo expuesta en vida la menor.

**V**

Las circunstancias que rodean las manifestaciones de la menor apuntan a que éstas constituyen una declaración espontánea por excitación, admisibles bajo el inciso (B) de la Regla 805 de Evidencia. Como indicamos, el hecho de que éstas hayan sido vertidas en respuesta a preguntas de sus familiares en nada altera esa conclusión. De la misma manera, al haber sido realizadas mientras la menor se encontraba bajo la influencia de un evento conmocionante —en este caso el patrón de maltrato— y al referirse al autor de tal evento, cumplen cabalmente con los requisitos dispuestos en ese inciso.

Asimismo, las declaraciones de la menor serían admisibles bajo la cláusula residual que establece la Regla 809 de Evidencia. Como se explicó, éstas fueron ofrecidas en evidencia con el propósito de identificar al señor Pérez Santos como el presunto agresor de la menor. Del tracto procesal relatado, se desprende con claridad que la defensa fue notificada con razonable anterioridad

de la intención del Ministerio Público de presentar las mismas. Evaluadas las circunstancias del presente caso en su totalidad, las garantías circunstanciales de confiabilidad inherentes a las expresiones realizadas por la menor las exceptúan de la regla general de exclusión de prueba de referencia.

En virtud de los fundamentos que anteceden, es forzoso concluir que las expresiones realizadas por la menor A.I.R.S. son admisibles en evidencia. Por tanto, se expide el auto de *certiorari*, se revoca la determinación del Tribunal de Primera Instancia y se devuelve el caso para la continuación de los procedimientos conforme a lo aquí dispuesto.

                         Anabelle Rodríguez Rodríguez
                              Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>José A. Pérez Santos<br><br>Recurrido | CC-2015-0704 | |

SENTENCIA

San Juan, Puerto Rico, a 30 de marzo de 2016

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la determinación del Tribunal de Primera Instancia. De esta manera, se ordena la admisión en evidencia de las expresiones realizadas por la menor A.I.R.S. y se devuelve el caso para la continuación de los procedimientos, conforme lo aquí dispuesto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo