Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br>Recurridos<br><br>v.<br><br>CRISTIAN R. MARRERO ROCHE<br>Peticionario | KLCE202301143 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: JIVP202300705<br><br>Sobre: ARTICULO 3.2 LEY 54 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece ante *nos*, Christian R. Marrero Roche (Marrero Roche o Peticionario) y solicita nuestra intervención para que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce el 11 de septiembre de 2023. Mediante dicho dictamen se autorizó utilizar el testimonio vertido por la testigo en la Vista de Determinación de Causa para Arresto, en la Vista Premilitar debido a la no disponibilidad de la testigo.

Por las razones que expondremos a continuación, *expedimos* la petición de *certiorari* presentada por el Pueblo, a los fines de *revocar* el dictamen recurrido.

**I.**

Surge del expediente que por hechos ocurridos el 8 de febrero de 2023, el Ministerio Público presentó una acusación en contra del Peticionario por violación al art. 3.2 (b) de la Ley 54-1989, 8 LPRA § 601 *et seq*.

Se acusó al Peticionario de que allá para el 8 de febrero de 2023 en Villalba, empleó fuerza física a propósito para causar grave

Número Identificador

SEN2024 _____

daño físico a la Sra. Katiria J. Pérez León, con quien sostuvo una relación consensual. Presuntamente, este la agredió con sus manos en el área de la cara, cabeza, brazos, barriga, espalda y piernas. Además, se le acusa al peticionario de halarla por el pelo, arrastrarla por la brea y darle puños y patadas en la cabeza. Lo cual le ocasionó hematomas y guayazos en distintas partes del cuerpo, y una fractura en la nariz, resultando en esta tener que ser trasladada al Centro Médico de Rio Piedras.[1]

El 27 de abril de 2023 se celebró la Vista de Determinación de Causa para Arresto, en la cual se determinó causa probable,[2] y el imputado fue citado a Vista Preliminar el 9 de mayo de 2023.[3]

Ante la incomparecencia de la señora Pérez León a varios señalamientos de vista preliminar, el Ministerio Público sometió el 18 julio de 2023 una *Moción solicitando no disponibilidad de la persona testigo y en su consecuencia se admita testimonio anterior de vista de causa para arresto.*[4] En esta, el Ministerio Público arguye que hizo un sinnúmero de gestiones para la comparecencia de la testigo pero que las mismas resultaron infructuosas, por lo cual solicitan la sustitución de su testimonio. El próximo 2 de agosto de 2023, la Defensa presentó su *Replica a sustitución de testimonio,*[5] la cual fue objetada el 30 de agosto de 2023 por el Ministerio Público.[6]

El 11 de septiembre de 2023, el Tribunal de Primera Instancia emitió su *Resolución* declarando a la señora Pérez León como testigo no disponible y autorizando la sustitución del testimonio.

Inconforme con la determinación, el 16 de octubre de 2023 el Peticionario acudió ante *nos* mediante un recurso de *certiorari* y señaló la comisión del siguiente error:

---

[1] Véase Anejo del Recurso #1, pág. 1.
[2] Véase Anejo del Recurso #1, pág. 2.
[3] Véase Anejo del Recurso #1, pág. 3.
[4] Véase Anejo del Recurso #2, pág. 5-7.
[5] Véase Anejo del Recurso #3, pág. 8-11.
[6] Véase Anejo del Recurso #4, pág. 12-14.

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, AL ACEPTAR UNA SUSTITUCIÓN DE TESTIMONIO AL AMPARO DE LA REGLA 806 DE EVIDENCIA CUANDO LA TESTIGO NO ESTA DISPONIBLE POR VOLUNTAD Y NO SE CELEBRÓ VISTA EVIDENCIARÍA SOBRE EL PARTICULAR**

**II.**

**A**. **Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

### B. Prueba de Referencia

La Regla 801(c) de Evidencia, 32 LPRA Ap. VI, R.801, define prueba de referencia como una declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado. Por su parte, la Regla 804 de Evidencia, 32 LPRA Ap. VI, R.804, dispone que "salvo que de otra manera se disponga por ley, no será admisible prueba de referencia, sino de conformidad con lo dispuesto en este capítulo. Esta regla se denominará Regla de prueba de referencia."

No obstante, lo anterior, la regla general de exclusión de la prueba de referencia cuenta con varias excepciones, las cuales están codificadas en las Reglas 805 y 806 de Evidencia 32 LPRA Ap. VI, R. 805 y 806. Estas se dividen en excepciones con suficientes garantías

de confiabilidad que no están sujetas a la no disponibilidad del declarante, codificadas en la Regla 805, y excepciones que están condicionadas a que el declarante sea un testigo no disponible, codificadas en la Regla 806.

Cuando se pretende utilizar prueba de referencia contra un acusado, se activa la protección constitucional del derecho a confrontación consagrado tanto en la Enmienda Sexta de la Constitución de los Estados Unidos, como en la Sección 11 de nuestra Constitución. Dicha protección constitucional no sólo garantiza el derecho al careo, sino que también implica que cierta prueba de referencia, si es testimonial, será excluida a pesar de caer bajo alguna de las excepciones a la regla de exclusión codificadas en las Reglas de Evidencia. *Crawford v. Washington*, 541 US 36 (2004), *Pueblo v. Guerrido López*, 179 DPR 950 (2010).

El derecho a la confrontación recoge el principio fundamental de que se ponga al acusado en posición de poder enfrentar a sus acusadores. *Pueblo v. Cruz Rosario*, 204 DPR 1040, pág. 1048 (2020). Este derecho tiene tres (3) vertientes procesales: (1) derecho al careo o confrontación cara a cara con los testigos adversos; (2) derecho a contrainterrogar, y (3) derecho a excluir la prueba de referencia que intente presentar el Ministerio Público. *Pueblo v. Cruz Rosario,* supra, citando a *Pueblo v. Pérez Santos*, 195 DPR 262, 269–270 (2016).

### C. Testigo No Disponible

Según mencionáramos anteriormente, la Regla 806 recoge una serie de excepciones a la regla general de exclusión de la prueba de referencia las cuales condicionan su aplicación a la no disponibilidad del testigo o declarante.

A esos efectos, dicha Regla dispone que:

No disponibilidad de la persona testigo

(A)  Definición: No disponible como testigo incluye situaciones en que la persona declarante:

(1) está exenta de testificar por una determinación del Tribunal por razón de un privilegio reconocido en estas Reglas en relación con el asunto u objeto de su declaración;

(2) insiste en no testificar en relación con el asunto u objeto de su declaración a pesar de una orden del Tribunal para que lo haga;

(3) testifica que no puede recordar sobre el asunto u objeto de su declaración;

(4) al momento del juicio o vista, ha fallecido o está imposibilitada de comparecer a testificar por razón de enfermedad o impedimento mental o físico; o

(5) está ausente de la vista y quien propone la declaración ha desplegado diligencia para conseguir su comparecencia mediante citación del Tribunal. No se entenderá que una persona declarante está no disponible como testigo si ello ha sido motivado por la gestión o conducta de quien propone la declaración con el propósito de evitar que la persona declarante comparezca o testifique.

(B)  Cuando la persona declarante no está disponible como testigo, es admisible como excepción a la regla general de exclusión de prueba de referencia lo siguiente:

(1) Testimonio anterior Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedimiento. Ello si la parte contra quien se ofrece ahora el testimonio – o un predecesor en interés si se trata de una acción o procedimiento civil – tuvo la oportunidad y motivo similar para desarrollar el testimonio en interrogatorio directo, contrainterrogatorio o en redirecto.

(2) Declaración en peligro de muerte Una declaración hecha por una persona declarante mientras creía estar en peligro de muerte inminente si la declaración se relaciona con la causa o las circunstancias de lo que creyó era su muerte inminente.

(3) Declaraciones contra interés Una declaración que al momento de ser hecha era tan contraria al interés pecuniario o propietario de la persona declarante o le sometía a riesgo de responsabilidad civil o criminal, o tendía de tal modo a desvirtuar una reclamación suya contra otra persona, o creaba tal riesgo de convertirla en objeto de odio, ridículo o desgracia social en la comunidad, que una persona razonable en su situación no hubiera hecho la declaración a menos que la creyera cierta.

(4) Declaraciones sobre historial personal o familiar

(i)  Una declaración sobre el nacimiento, adopción, matrimonio, divorcio, filiación, parentesco por consanguinidad o afinidad, raza, linaje u otro hecho similar de historial

familiar o personal de la misma persona declarante, aunque ésta no tuviera medios de adquirir conocimiento personal del asunto declarado.

(ii)     (ii) Una declaración sobre la materia señalada en el subinciso (i) y de otra persona incluyendo la muerte de ésta si dicha persona está relacionada con la persona declarante por parentesco de consanguinidad, afinidad o adopción o existe una relación Reglas de Evidencia de Puerto Rico 40 tal entre la persona declarante y la familia de la otra persona que hiciera probable que dicha persona declarante tuviera información precisa referente al asunto declarado.

De una lectura de la citada Regla, podemos colegir que antes de dar paso a la admisión de prueba de referencia por algunas de las excepciones allí establecidas, el Tribunal debe hacer una determinación de que el testigo o declarante no está disponible para testificar por algunas de las situaciones recogidas en los incisos (A)(1), (A)(2), (A)(3), (A)(4) o (A)(5). Luego de que se haya hecho la determinación de que el testigo no está disponible, se puede admitir la prueba de referencia bajo alguna de las excepciones contenidas en los incisos (B)(1), (B)(2), (B)(3) o (B)(4).

En otras palabras, la indisponibilidad del testigo es un requisito constitucional, al amparo de la Enmienda Sexta de la Constitución de los Estados Unidos y de la Sección 11 de nuestra Constitución, para admitir un testimonio anterior contra el acusado. Véase *E. Chiesa Aponte, Tratado de Derecho Probatorio, (1998), T. II, pág. 730.*

**III.**

En el caso que nos ocupa, el peticionario recurre de una determinación del Tribunal de Primera Instancia, mediante la cual autorizó que el testimonio que la señora Pérez León ofreció en Regla 6, sea presentado por el Ministerio Público en la vista preliminar. En otras palabras, el Tribunal de Primera Instancia declaró a la señora Pérez León como una testigo no disponible al amparo de la

Regla 806 de Evidencia. Puntualizamos que la etapa del procedimiento en la que se presenta este recurso es la más propicia para su consideración y la situación de hechos planteada es la más indicada para el análisis del problema. Además, la expedición del auto no causa un fraccionamiento indebido del caso ni una dilación indeseable del mismo. Conforme a los criterios de la Regla 40 de nuestro Reglamento, en el ejercicio de nuestra función revisora, expedimos el auto de certiorari.

De una revisión del expediente ante nuestra consideración, surge que el Tribunal de Primera Instancia decretó la no disponibilidad de la testigo Pérez León sin la celebración de una vista evidenciaria en la cual se probara con prueba competente y confiable la indisponibilidad de la testigo. El Tribunal de Primera Instancia basó su determinación en las alegaciones del Ministerio Público. Es preciso señalar que en la vista del 18 de julio de 2023 no se pasó testimonio **bajo juramento** de ningún testigo, ni prueba documental que acreditase la no disponibilidad de la testigo.

Como indicamos anteriormente, ante una solicitud de que se declare a un testigo como testigo no disponible, el Tribunal debe hacer una evaluación de si existe alguna de las circunstancias establecidas en la Regla 806(A). Es forzoso concluir que para hacer dicha evaluación, es necesario la celebración de una vista evidenciaria donde se establezca la no disponibilidad de la testigo, mediante testimonio bajo juramento, prueba documental o cualquier otro método de prueba aceptado en nuestro ordenamiento jurídico.

En el caso que nos ocupa, concluimos que incidió el foro primario al no celebrar una vista evidenciaria para establecer la no disponibilidad de la señora Pérez León para declarar en la vista preliminar, como paso previo a la sustitución de su testimonio en la

vista preliminar por aquel que vertió en la vista de Regla 6. La mera alegación en una moción o el relato sin estar bajo juramento de la agente Alvarez Maldonado[7] y el relato de la Sra. Mildred López, Técnica de Asistencia a Víctimas[8] son insuficientes para establecer la indisponibilidad que requiere la Regla 806 de Evidencia. No podemos soslayar que la indisponibilidad del testigo es un requisito constitucional para admitir un testimonio anterior contra el imputado. En atención a lo anterior, procede la celebración de una vista evidenciaria en la que el Ministerio Público presente prueba fehaciente de la indisponibilidad de la señora Pérez León, así como que se le brinde al imputado la oportunidad de refutarla.

## IV.

Por los fundamentos expuestos, los que hacemos formar parte del presente dictamen, expedimos el auto de certiorari y revocamos la *Resolución* recurrida a los únicos fines de ordenar la celebración de una vista evidenciaria donde se presente prueba de la no disponibilidad de la testigo para testificar en la vista preliminar.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Alvarez Esnard concurre sin voto escrito.

La Juez Brignoni Mártir disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Véase minutos 3:56 y 4:24 de la regrabación de la vista del 18 de julio de 2023.
[8] Véase minute 5:55 de la regrabación de la vista del 18 de julio de 2023.