ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>JUAN CARLOS SERRANO MATTA<br>PETICIONARIO | KLCE202401223 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Criminal Núm. NSCR201700315 AL 317<br><br>Sobre:<br>ART. 93 CP Y OTROS |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, la juez Brignoni Mártir y el juez Ronda del Toro

**Brignoni Mártir, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2025.

Comparece ante nos, Juan Carlos Serrano Matta, (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 24 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante el referido dictamen, dicho tribunal declaró *Ha Lugar* la "*Moción al Amparo de la Regla 806 A (5) y 806 B (1) de las de Evidencia,*" presentada por el Ministerio Público.

Por los fundamentos que expondremos a continuación, *expedimos* el presente recurso de *certiorari*, y con ello *revocamos* la determinación recurrida.

## I.

Por los hechos ocurridos el 4 de noviembre de 2016, el peticionario fue acusado y posteriormente sentenciado por infringir el Artículo 93 (D) del Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA sec. 5142; el Artículo 5.04 de la derogada Ley de Armas de Puerto Rico, 404-2000, 25 LPRA sec. 458c; y el Artículo 5.15 de la derogada Ley de Armas

de Puerto Rico, 404-2000, 25 LPRA sec. 458n. La referida sentencia fue notificada el 6 de marzo de 2020.

Antes de que la aludida sentencia adviniera final y firme, el 20 de abril de 2020, el Tribunal Supremo de los Estados Unidos resolvió el caso *Ramos v. Louisiana*, 590 U.S. 83 (2020). Mediante este, se determinó que el requisito de veredictos unánimes de los juicios celebrados ante un jurado era extensivo a los casos dilucidados ante los foros estatales. A tenor de ello, el 8 de mayo de 2020, el Tribunal Supremo de Puerto Rico resolvió el caso de *Pueblo v. Torres Rivera*, 204 DPR 288 (2020), mediante el cual se concluyó que la precitada norma era de aplicabilidad a nuestra jurisdicción.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 21 de septiembre de 2022, este Tribunal emitió una "*Sentencia,*" bajo el caso KLCE202200748. Mediante esta, se concluyó que el peticionario tenía derecho a la celebración de un nuevo juicio.

Posteriormente, el 28 de febrero de 2024, el Ministerio Público presentó una "*Moción al Amparo de la Regla 806 A (5) y 806 B (1) de las de Evidencia.*" En síntesis, expuso que, a pesar de las diligencias desplegadas para lograr la comparecencia de testigos de cargo, los testigos Raúl Cedeño Ramos y Ruth Cedeño Ramos (en lo sucesivo, en conjunto, "los testigos Cedeño Ramos") manifestaron su intención de no comparecer a la celebración del nuevo juicio. Ante ello, solicitó al tribunal de instancia que declarara la indisponibilidad de los aludidos testigos conforme la Regla 806 (A) (5) de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 806. Además, peticionó que la comparecencia al nuevo juicio de dichos testigos fuera sustituida por la grabación de las declaraciones testimoniales que estos habían vertido en el primer juicio del caso. Esto, de conformidad con la Regla 806 (B) (1) de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 806.

En reacción, el 11 de marzo de 2024, el peticionario presentó una "*Moción en Oposición a Moción al Amparo de la Regla 806 A(5) y 806*

*(B)(1) de las de Evidencia.*" En suma, argumentó que aún no había fecha cierta para la celebración de un nuevo juicio, por lo cual una solicitud de no disponibilidad de testigos era académica. Además, alegó que la petición del Ministerio Público debía ser dilucidada en una vista evidenciaría. En virtud de lo expuesto, solicitó que se declarara *No Ha Lugar* la "*Moción al Amparo de la Regla 806 A (5) y 806 B (1) de las de Evidencia.*"

Así las cosas, el 17 de septiembre de 2024, el foro recurrido celebró para el caso de epígrafe una vista al amparo de la Regla 109 (A) de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 109. En la referida vista solo prestó testimonio el agente de la policía José Quiñones Scott, (en adelante, "agente Quiñones Scott"), quien detalló las gestiones que se realizaron para requerir sin éxito la comparecencia de los testigos Cedeño Ramos. Tras escuchar las declaraciones del referido Agente, el 24 de septiembre de 2024, el foro recurrido emitió una "*Resolución.*" Mediante esta, declaró *Ha Lugar* la "*Moción al Amparo de la Regla 806 A (5) y 806 B (1) de las de Evidencia*," presentada por el Ministerio Público. Esto, bajo el fundamento de que las gestiones realizadas por el agente Quiñones Scott fueron suficientes ante un escenario en el cual los aludidos testigos de cargo expresaron su negativa a comparecer a un nuevo juicio por preocupaciones de salud. En consecuencia, el foro recurrido permitió que se presentaran en el nuevo juicio las grabaciones de las declaraciones previas de los testigos Cedeño Ramos.

Inconforme con la determinación, el 9 de octubre de 2024, el peticionario presentó oportunamente una "*Moción Solicitando Reconsideración de la Resolución del Honorable Tribunal en torno [al] planteamiento del Ministerio Público al amparo de las Reglas 806 (A) (5) y 806 (B) (1).*" La referida solicitud fue declarada *No Ha Lugar* el 11 de octubre de 2024, con notificación del 15 de octubre de 2024.

Aun inconforme, el 12 de noviembre de 2024, el peticionario presentó ante nos un recurso de *certiorari*. Mediante este esbozó los siguientes señalamientos de error:

A. Erró el Honorable Tribunal de Primera Instancia al declarar "Ha Lugar" la Moción Al Amparo de la Regla [806] A (5) y 806 B (1) de las de Evidencia presentada por el Ministerio Público, aplicando erróneamente la jurisprudencia reciente normativa del caso Pueblo v. Lugo López 2024 TSPR 83 (2024); ante la ausencia total de prueba pericial sobre la condición mental de los testigos o sus "preocupaciones de salud" de los testigos esenciales del caso en un expediente huérfano y por tanto carente de prueba pericial alguna sobre el particular.

B. Erró el Honorable Tribunal de Primera Instancia al declarar "Ha Lugar" la Moción Al Amparo de la Regla (806) A (5) y 806 B (1) [sic] de las de Evidencia presentada por el Ministerio Público; al no exigirle al Ministerio Público el cumplimiento de la **Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o Fuera del Estado Libre Asociado en Casos Criminales**; Ley Núm. 60 de 13 de mayo de 1934; antes de declarar unos testigos esenciales como testigos no disponibles.

Por su parte, el 12 de diciembre de 2024, el Ministerio Público presentó un *"Escrito en Cumplimiento de Orden."* Con el beneficio de la comparecencia de ambas partes, pasamos a resolver el caso que nos ocupa.

**II.**

**A.     Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo

intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

## B. Derecho a la Confrontación:

La raíz etimológica de la palabra confrontar se encuentra en los vocablos del latín "cum" y "frontis," los cuales significan "con" y "la frente" respectivamente. *Pueblo v. Guerrido López*, 179 DPR 950, 956-957 (2010). De ahí, por definición el concepto de confrontación se refiere al "careo entre una persona con otra." *Íd.* En su sentido jurídico básico la palabra confrontación hace alusión al "derecho de un acusado a confrontar a sus acusadores." *Íd.* El referido derecho tiene rango constitucional en nuestra jurisdicción, pues el Artículo II, sec. 11 provee a todo acusado el derecho a carease con los testigos de cargo. Const. PR, Art. II, sec. 11.

Es conocido, que el derecho a la confrontación se compone de tres (3) vertientes procesales: (1) el derecho del acusado de confrontar cara a

cara los testigos adversos; (2) el derecho a contrainterrogarlos; y (3) el derecho a que se excluya toda prueba de referencia que el Ministerio Público pretenda presentar en contra del acusado. *Pueblo v. Pérez Santos*, 195 DPR 262, 269-270 (2016). Así pues, la cláusula de confrontación coloca a cada acusado en una posición vinculada al debido proceso de ley en la cual se le brinda la oportunidad de "defenderse de las acusaciones del Estado con la exigencia de poner a su alcance los medios de prueba para impugnar los testigos, atacar su credibilidad y todo recurso análogo encaminado a erradicar la falsedad del juicio y evitar el desvío de la justicia." *Pueblo v. Zeno Torres*, 211 DPR 1, 16 (2022).

Además, el derecho a la confrontación es pilar fundamental para el logro de un juicio justo e imparcial, cuyo principio rector es descubrir la verdad. *Pueblo v. Guerrido López,* supra*,* pág. 958*.* Ante ello, la privación de tal derecho constituye un error que conlleva la revocación de una sentencia condenatoria. *Íd.* De manera, que "no debe olvidarse que en casos criminales el derecho a la confrontación es garantía insustituible." *Íd.*

**C. Reglas 806 (A) (5) y 806 (B) (1) de las Reglas de Evidencia de Puerto Rico**:

Nuestra normativa evidenciara provee regulación para establecer y declarar la no disponibilidad de un testigo en un proceso judicial. Conforme a ello, la  Regla 806 (A), *supra* lee como sigue:

(A) *Definición*; *No disponible como testigo* incluye situaciones en que la persona declarante:

(1) Está exenta de testificar por una determinación del tribunal por razón de un privilegio reconocido en estas reglas en relación con el asunto u objeto de su declaración;

(2) insiste en no testificar en relación con el asunto u objeto de su declaración a pesar de una orden del tribunal para que lo haga;

(3) testifica que no puede recordar sobre el asunto u objeto de su declaración;

(4) al momento del juicio o vista, ha fallecido o está imposibilitada de comparecer a testificar por razón de enfermedad o impedimento mental o físico, o

**(5) está ausente de la vista y quien propone la declaración ha desplegado diligencia para conseguir su comparecencia mediante citación del tribunal.**

No se entenderá que una persona declarante está no disponible como testigo si ello ha sido motivado por la gestión o conducta de quien propone la declaración con el propósito de evitar que la persona declarante comparezca o testifique. (Énfasis suplido).

En lo que nos concierne, el profesor Chiesa entiende que para establecer la no disponibilidad de un testigo al amparo del inciso (5) de la precitada regla, "el tribunal debe hacer una determinación cautelosa de que el proponente ha hecho todo lo razonablemente posible para lograr la comparecencia del declarante." E. L. Chiesa Aponte, *Reglas de Evidencia Comentadas*, E. Situm. 2016, pág. 326. Por consiguiente, el Ministerio Público tiene la exigencia de demostrar que hizo todas las gestiones razonables para lograr la comparecencia del testigo en cuestión. *Pueblo v. Ruiz*, 203 DPR 527, 531 (2019) (*Resolución* – Voto Particular de conformidad del Juez Asociado señor Martínez Torres, al cual se unieron los Jueces Asociados señor Rivera García y señor Feliberti Cintrón; *Barber v. Page*, 390 US 719 (1968).

Por su parte, la Regla 806 (B), *supra* lee en lo pertinente como sigue:

(B) Cuando la persona declarante no está disponible como testigo, es admisible como excepción a la regla general de exclusión de prueba de referencia lo siguiente:

(1)  *Testimonio anterior*.

Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedimiento. Ello si la parte contra quien se ofrece ahora el testimonio —o un predecesor en interés si se trata de una acción o procedimiento civil— tuvo la oportunidad y motivo similar para desarrollar el testimonio en interrogatorio directo, contrainterrogatorio o en redirecto.

Cónsono con lo anterior, para cumplir con las disposiciones de la precitada regla se debe establecer en primer término la no disponibilidad del declarante para testificar y asegurarse que la persona acusada haya tenido la oportunidad de contrainterrogar al declarante. Crawford v. Washington, 541 U.S. 36 (2004); E. L. Chiesa Aponte, *Reglas de Evidencia Comentadas*, E. Situm. 2016, pág. 327. Satisfechos los referidos requisitos, "procedería la admisión de prueba de referencia

contra un acusado sin que esto implique una violación constitucional."

*Pueblo v. Lugo López*, 2024 TSPR 83.

D. **Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o Fuera del Estado Libre Asociado en Casos Criminales**:

Nuestro ordenamiento jurídico contempla regulaciones para lograr la comparecencia a procedimientos criminales de testigos que se encuentran fuera de la jurisdicción de Puerto Rico. Ello, mediante la legislación especial intitulada Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o Fuera del Estado Libre Asociado en Casos Criminales, Ley Núm. 60 de 13 de mayo de 1934, 34 LPRA sec. 1471 et seq. Específicamente, el texto de la precitada ley establece el procedimiento a seguir para citar a testigos que residan en los estados y territorios de los Estados Unidos, para que así estos puedan testificar en los procedimientos criminales sobre delito grave que se diluciden en nuestra jurisdicción. A tenor de ello, el Artículo 2 de dicha legislación lee como sigue:

> Si un habitante de un estado, por cuyas leyes pueda ordenarse a las personas que en él residan a comparecer y declarar en juicios criminales en Puerto Rico, es un testigo necesario en un proceso por delito grave pendiente en el Tribunal de Primera Instancia de Puerto Rico, el juez de dicho tribunal puede expedir una certificación bajo el sello del tribunal exponiendo estos hechos y especificando el número de días por el que necesitará a dicho testigo. Esta certificación será presentada al juez de una corte de récord del condado donde resida dicho testigo. Si se ordena al testigo que comparezca y declare en el procedimiento criminal que se lleva a cabo en el Estado Libre Asociado, se le pagará la cantidad de diez (10) centavos por milla a la ida y a la vuelta siguiendo la ruta de viaje ordinaria, y cinco (5) dólares diarios por cada día que necesite para su viaje y comparecencia como tal testigo. A un testigo que haya comparecido de acuerdo con lo que dispone la citación, no se le exigirá que permanezca en Puerto Rico más tiempo que el período mencionado en la certificación. 34 LPRA sec. 1472.

Conforme surge del antes expuesto texto, un testigo será compelido a declarar en un juicio en Puerto Rico si: (1) se trata de un testigo esencial cuya declaración es necesaria para un juicio criminal por delito grave; (2) el estado o territorio contiene regulaciones que viabilicen la obtención de ordenes para que un testigo sea compelido a declarar fuera de la jurisdicción estatal; y (3) un Juez local debe expedir una

certificación a esos efectos, la cual será presentada a un Juez del condado donde resida la persona testigo.

**III.**

En síntesis, el peticionario argumenta que incidió el foro recurrido al declarar la no disponibilidad de los testigos Cedeño Ramos, dado que ello contraviene la cláusula de confrontación y su debido proceso de ley. Apoya su posición, bajo el fundamento de que la determinación impugnada se basa en preocupaciones de salud de los testigos, lo cual no está sustentado en prueba pericial. A su vez añade, que la referida declaración de no disponibilidad ocurrió sin la comparecencia a la vista al amparo de la Regla 109 (A), *supra* de los testigos en cuestión. A tenor de ello, aduce que los referidos testigos no fundamentaron su indisponibilidad con algún documento fehaciente que acreditara su condición de salud. De otra parte, plantea que la decisión recurrida contraviene la Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o Fuera del Estado Libre Asociado en Casos Criminales, *supra* y el caso de *Pueblo v. Lugo López*, supra. Específica, que en la vista a tenor de la Regla 109 (A), *supra* quedó demostrado el desconocimiento del agente Quiñones Scott en relación con las regulaciones dispuestas en la aludida legislación especial.

Por su parte, el Ministerio Público sostiene que la determinación recurrida está amparada en la reglamentación dispuesta en las Reglas 806 (A) (5) y 806 (B) (1), dado que los testigos en cuestión fueron citados por el tribunal y estos mantuvieron su decisión de no comparecer al juicio. Añade, que el agente Quiñones Scott desplegó las diligencias necesarias para lograr la comparecencia de los referidos testigos, pero estos tomaron la decisión de no comparecer a juicio a tenor de sus condiciones de salud y de mantener su paz y estabilidad tras sobrellevar el proceso del primer juicio.

Tras analizar de forma cuidadosa la totalidad del expediente ante nuestra consideración, así como la regrabación de la vista celebrada al

amparo de la Regla 109 (A), *supra,* determinamos *expedir* el recurso de epígrafe y con ello *revocar* el dictamen recurrido.

Como norma general, los testigos deben comparecer y declarar en los procedimientos judiciales para que se cumpla el propósito de búsqueda de la verdad y se resuelvan las controversias desde el sentido de la justicia. La referida norma debe ser analizada con mayor detenimiento y cuidado en los casos criminales, dado que están en juego la libertad de una persona y varias disposiciones constitucionales tal como lo es el derecho a la confrontación. Mediante el cual se le debe brindar a todo acusado la posibilidad de defenderse de las acusaciones del Estado y la obtención de un juicio justo e imparcial. Ante ello, la declaración de no disponibilidad de un testigo se convierte en la excepción de la referida normativa general. Así pues, por esa misma naturaleza excepcional su alcance se limita a la existencia de unas numeradas circunstancias, las cuales se encuentran numeradas en la Regla 806 (A), *supra.*

En el caso ante nuestra consideración, el Ministerio Público fundamentó la no disponibilidad de los testigos Cedeño Ramos en el inciso quinto de la Regla 806 (A) – (ausencia de los testigos a la vista). Sin embargo, argumentó la no disponibilidad de los referidos testigos, bajo dichos de los declarantes en torno a su estado de salud, paz y estabilidad de vida. Cabe destacar, que en la vista celebrada a tenor de la Regla 109 (A), *supra,* no se desfiló prueba pericial que sustentara las aludidas cuestiones de salud. Tampoco en dicha vista se presentó alguna declaración testimonial de los testigos Cedeño Ramos sobre su aducido estado de salud, ni se desfiló prueba fehaciente que fundamentara alguna condición de salud de los testigos. El Ministerio Público únicamente descansó en los dichos del agente Quiñones Scott con relación a las comunicaciones que éste tuvo con los aludidos testigos.

Conforme las declaraciones de dicho Agente, la negativa de los testigos de comparecer a un nuevo juicio consistió en que la señora

Cedeño Ramos le expresó que no se encontraba bien de salud, y que el joven Cedeño Ramos se encontraba desarrollándose en la escuela y en su estado emocional. En ese sentido, es meritorio resaltar que nuestra jurisprudencia ha mencionado que, para fundamentar la no disponibilidad de un testigo por cuestiones de salud física o mental, el estado de salud de dichos testigos debe estar tan deteriorado que no puedan comparecer en un futuro previsible. Véase, *Pueblo v. Lugo López*, supra, citando al profesor Chiesa Aponte. Además, la referida jurisprudencia advierte que el análisis de no disponibilidad debe ser mas cauteloso ante los escenarios en el que existan testigos importantes y de cargo, tal como los del caso que nos ocupa. Por otro lado, nótese que no estamos ante unas circunstancias en las que se desconozca el paradero de los testigos o en las que exista una fecha cierta para juicio, bajo las cuales se pudiera fundamentar la ausencia a la vista de los testigos en cuestión.

En virtud de lo expuesto, las circunstancias particulares del presente caso no reúnen los criterios suficientes para establecer la no disponibilidad de los testigos Cedeño Ramos. Ante ello, tampoco se sostiene la aplicabilidad de la Regla 806 (B), *supra,* dado que para admitir en juicio una declaración testimonial vertida en otro procedimiento, primero se debe establecer adecuadamente la no disponibilidad de los testigos, lo cual no ocurrió en el caso de epígrafe. De otra parte, el peticionario aduce que incidió el foro recurrido al aplicar la doctrina del caso de *Pueblo v. Lugo López*, supra. Le asiste la razón. Ciertamente el derecho a la confrontación no es absoluto y debe ceder ante escenarios en los que se cumplan las disposiciones de la Regla 806, *supra* y la jurisprudencia que interpreta sus contornos. Sin embargo, las circunstancias específicas de este caso, tales como la ausencia de prueba pericial y documentos fehacientes sobre el estado de salud de los testigos; el conocimiento del paradero de dichos testigos; y los cambios de postura de los aludidos testigos en enero de 2024 sobre acceder a comparecer al nuevo juicio y posteriormente expresar su inconformidad

para comparecer al mismo, según relató en sus declaraciones el agente Quiñones Scott, posibilitan que se concluya a favor de no declarar la indisponibilidad de los testigos Cedeño Ramos. Cabe destacar, que ante los escenarios en que los testigos se nieguen a prestar declaración existe el mecanismo de ordenes del tribunal y apercibimiento de desacato. Por lo cual, el primer señalamiento de error fue cometido.

En su segundo señalamiento de error, el peticionario arguye que incidió el foro recurrido al no exigirle al Ministerio Público el cumplimiento de la Ley Uniforme para Asegurar la Asistencia de Testigos que se Encuentren en o Fuera del Estado Libre Asociado en Casos Criminales, *supra*. Le asiste también la razón. Si bien la referida legislación no es de aplicación automática y contiene una serie de criterios para determinar su aplicabilidad a cada caso, al versar los presente hechos sobre un proceso judicial criminal por delito grave, se cumplía con los requisitos iniciales para que el Ministerio Público tomara conocimiento de la existencia de la legislación e investigara si procedía que se implementaran sus disposiciones a la controversia ante nos.

Particularmente, le correspondía al Ministerio Público auscultar si la legislación del Estado en donde residen los testigos en cuestión contiene regulaciones para ordenar que los testigos que residan en su jurisdicción comparezcan a procesos judiciales de otras jurisdicciones para prestar declaración. De ello responderse en la afirmativa, le correspondía al Ministerio Público cumplir con el protocolo establecido en la precitada legislación. Pese a ello, surge del propio testimonio del agente Quiñones Scott que el Ministerio Público no contempló los preceptos de la aludida legislación especial, a pesar de que era un mecanismo que razonablemente se podía utilizar para compeler la comparecencia a juicio de los testigos Cedeño Ramos. Ante ello, el segundo error fue cometido.

Recientemente en las expresiones emitidas en el caso *Pueblo v. Suárez Robles*, 2024 TSPR 114, nuestro Tribunal Supremo tuvo la

oportunidad de aplicar el marco doctrinal de la Regla 806 (A). En aquella controversia, el Ministerio Público presentó en la vista celebrada a tenor de la Regla 109 (A), *supra,* prueba pericial y testimonial que sustentaba su solicitud de declaración de no disponibilidad del testimonio del agente de la policía. El Ministerio Público unió a la referida prueba el récord médico del testigo, el cual junto a la prueba pericial y testifical estableció la situación de salud crónica y deteriorada del agente de la policía. A diferencia de la prueba robusta del caso *Pueblo v. Suárez Robles*, supra, los hechos que hoy tenemos ante nuestra consideración están escasos de prueba concluyente del estado de salud de los testigos Cedeño Ramos. El Ministerio Público no presentó prueba pericial al respecto ni récord médico o documentos fehacientes que acreditaran las aducidas cuestiones de salud.

Este Tribunal reconoce y empatiza con la dificultad física y mental de comparecer y testificar en procesos adversativos, mas aun cuando estos son de naturaleza criminal. De igual modo, nos compadecemos ante los escenarios en que los testigos son familiares de las presuntas víctimas de acciones criminal. Sin embargo, emitir bajo las circunstancias de este caso una determinación a tenor de los argumentos expuestos por el Ministerio Público, no solo no se sostendría a la luz del crisol de nuestro derecho vigente, sino que también entraría a unos linderos preocupantes de laxitud, los cuales colocarían en jaque el derecho a la confrontación y al careo con los testigos de cargo. Recordemos, que nuestro sistema judicial provee otros mecanismos que, dado a las circunstancias particulares de cada testigo, pueden ayudar a que el proceso testifical sea uno menos gravoso. Entre estos mecanismos se encuentran el prestar las declaraciones testificales bajo el medio de circuito cerrado o la videoconferencia. Véase, *Pueblo v. Lugo López*, supra. Ante ello, concluimos *expedir* el presente auto de *certiorari* al amparo de la Regla 40, *supra*, y con ello *revocamos* la determinación recurrida.

**IV.**

Por los fundamentos expuestos, *expedimos* el recurso de epígrafe a tenor de la Regla 40, *supra* y *revocamos* el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones